**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTINE R. JOHNSON, | |
| Plaintiff, | |
| | Case No. 1:19-cv-00615 |
| v. | |
| TD BANK USA, NATIONAL ASSOCIATION and EQUIFAX INFORMATION SERVICES, LLC, | Honorable Charles P. Kocoras |
| Defendants. | |

**FIRST AMENDED COMPLAINT**

NOW COMES Plaintiff, CHRISTINE R. JOHNSON, through counsel, SULAIMAN LAW GROUP, LTD., submitting her first amended complaint against Defendant, TD BANK USA, NATIONAL ASSOCIATION and EQUIFAX INFORMATION SERVICES, LLC, alleging and complaining as follows:

**NATURE OF THE ACTION**

1.      This action seeks damages for Defendants' willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

**JURISDICTION AND VENUE**

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

4.      CHRISTINE R. JOHNSON ("Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

1

6.     TD BANK USA, NATIONAL ASSOCIATION ("TD Bank") provides personal, retail, small business, and commercial banking products and services. Its personal banking services include checking accounts, savings/money market accounts, cross-border banking (United States and Canada), debit cards, prepaid cards, digital payments, CDs, IRAs, mortgage loans, home equity loans and lines, personal loans, online banking, credit cards, and bill pay services; and small business banking services comprise online banking, credit cards, bill pay, checking accounts, savings accounts, money market accounts, CDs, debit cards, digital payments, merchant solutions, loans and lines of credit, and healthcare professionals solutions. The company also offers commercial banking services, including checking accounts, money market accounts, CDs, loans and lines of credit, healthcare and not-for-profit solutions, leasing and equipment finance, government banking, international services, and treasury management services. In addition, it offers investment management services for individuals and private clients. TD Bank USA, National Association was formerly known as TD Waterhouse Bank, National Association and changed its name to TD Bank USA, National Association in April 2006. The company was incorporated in 1981 and is based in Wilmington, Delaware with locations in various parts of the United States. TD Bank USA, National Association operates as a subsidiary of TD Bank US Holding Company.

7.     TD Bank is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

8.     EQUIFAX INFORMATION SERVICES LLC ("Equifax") collects and reports consumer information to financial institutions. The company was formerly known as Equifax Credit Information Services Inc. and changed its name to Equifax Information Services LLC in June 2004. The company was incorporated in 1937 and is based in Atlanta, Georgia. Equifax Information Services LLC operates as a subsidiary of Equifax Inc.

2

9.      Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

10.     Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

## FACTUAL ALLEGATIONS

11.     On or before April 19, 2017, Plaintiff learned she was victim of identity theft.

12.     Plaintiff informed Target card services that on March 27, 2017, an unknown offender gained access to Plaintiff's personal information and applied for and obtained a Target REDcard™ with Plaintiff's personal information.

13.     Immediately, Plaintiff stopped receiving Target REDcard™ billing statements.

14.     However, on November 6, 2018, Plaintiff, discovered TD Bank USA/Target Credit's tradeline on her credit report.

15.     On December 15, 2018, Plaintiff filed a police report with Tinley Park Police Department concerning her allegations.

16.     On December 18, 2018, Plaintiff mailed a credit dispute letter to Equifax requesting that Equifax delete/remove TD Bank USA/Target Credit's tradeline.

17.     Plaintiff informed Equifax her identity was stolen and provided a copy of the police report.

18.     On information and belief, Equifax received and promptly contacted TD Bank of this dispute by sending an automated consumer dispute verification form ("ACDV").

19.     On information and belief, TD Bank verified this Target REDcard™ account as belonging to Plaintiff.

20.     On January 2, 2019, Equifax mailed Plaintiff dispute results.

21.     Plaintiff's dispute results indicated:

3

>>> **We have researched the credit account. Account # - 585975210916** The results are: We verified that this item belongs to you. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *ADDITIONAL INFORMATION. If you have additional questions about this item please contact: *TD Bank USA/Target Credit, PO Box 673, Minneapolis, MN 55440-0673*

| TD Bank USA/Target Credit | PO Box 673 Minneapolis MN 55440-0673 (800) 424-6888 | | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Account Number | | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
| 585975210916* | | 03/01/2017 | | $0 | | | 18 | | |
| Items As of | Balance | Amount | Date of | Actual | Scheduled | Date of 1st | Date of | Date Maj. | Charge Off | Deferred Pay | Balloon Pay | Balloon | Date |
| Date Reported | Amount | Past Due | Last Payment | Payment Amount | Payment Amount | Delinquency | Last Activity | Del. 1st Rptd | Amount | Start Date | Amount | Pay Date | Closed |
| 01/02/2019 | | $0 | | $0 | $0 | 05/2017 | | | $0 | | $0 | | 11/2017 |
| Status | | Type of Account | | Type of Loan | | Whose Account | | Portfolio Indicator | | Portfolio Status | | | |
| Account Included In Bankruptcy | | Credit Card | | | Individual Account | | | | | | | | |

ADDITIONAL INFORMATION:
Consumer Disputes - Reinvestigation in Process
*Bankruptcy Chapter 7*

## DAMAGES

22.    Defendants' manifestly inaccurate reporting continues to portray an untruthful and damaging depiction of Plaintiff.

23.    Continued inaccurate reporting of TD Bank USA/Target Credit's tradeline creates a materially misleading impression that this account once belonged to Plaintiff.

24.    This entire experience has imposed distrust, distress, as well as frustration on Plaintiff.

25.    This entire experience has resulted in anxiety, expenditure of time, as well as mental anguish.

26.    Undeniably, Plaintiff appears helpless to regain control of her credit standing and creditworthiness and has been denied an opportunity to take advantage of credit opportunities.

27.    Further, Plaintiff continues to be deprived of an opportunity to take advantage of credit opportunities.

28.    Specifically, Plaintiff's recent vehicle search resulted in an excessively high interest rate (21%) offered that Plaintiff refused.

4

## CLAIMS FOR RELIEF

**Count I:**
**TD Bank's violation(s) of 15 U.S.C. § 1681 *et seq.***

29.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

30.     The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

**A.     TD Bank's failure to conduct an investigation**

31.     15 U.S.C. § 1681s-2(b)(1) provides

"[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A)     Conduct an investigation with respect to the disputed information;

(B)     Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);

(C)     Report the results of the investigation to the consumer reporting agency;

(D)     If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E)     If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

(i)     Modify that item of information;

(ii)     Delete that item of information; or

5

(iii)    Permanently block the reporting of that item of information.

32.    Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), TD Bank received Plaintiff's dispute letter from Equifax.

33.    TD Bank violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

34.    TD Bank violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review relevant information provided by Equifax.

35.    Had TD Bank conducted a reasonable investigation, TD Bank would have discovered that Plaintiff fell victim to identify theft, and promptly modified those items of information, deleted those items of information or permanently blocked the reporting of that item of information.

36.    TD Bank violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Equifax.

37.    TD Bank violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly delete that item of information; or permanently block the reporting of that item of information.

38.    TD Bank violated 15 U.S.C. § 1681s-2(a)(6)(B) by furnishing information that purports to relate to Plaintiff to TransUnion after Plaintiff submitted an identity theft report stating that information maintained by TD Bank that purports to relate to Plaintiff resulted from identity theft.

39.    15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

  (2)    such amount of punitive damages as the court may allow; and

  (3)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

40.    15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)    any actual damages sustained by the consumer as a result of the failure; and

(2)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

41.    TD Bank's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff is attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A.    find TD Bank in violation of 15 U.S.C. §§ 1681s-2(a)(6)(B), 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B.    award any actual damages to Plaintiff as a result of TD Bank's violation;

C.    award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.    award any punitive damages, as the Court may allow;

E.      award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.      award such other relief as this Court deems just and proper.

## Count II
## Equifax's violation(s) of 15 U.S.C. § 1681 *et seq.*

42.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a.      Equifax's failure to follow reasonable procedures

43.     Section 1681e(b) requires credit reporting agencies such as Equifax to maintain "reasonable" procedures to ensure "maximum possible accuracy" of consumer credit reports.

44.     Equifax violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

45.     Upon information and belief, on multiple and numerous occasions, Equifax prepared patently inaccurate consumer reports concerning Plaintiff.

46.     Upon information and belief, Equifax furnished such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Plaintiff's creditworthiness.

47.     Consumer reporting agencies ("CRAs") are required to block information in a consumer's credit report if that information resulted from identity theft.

48.     The CRA must do so within four days of receiving certain documentation of the identity theft.  15 U.S.C. § 1681c-2(a).

49.     That documentation includes: proof of the consumer's identity; a copy of an identity theft report; identification of what information should be blocked; and the consumer's statement that the disputed information does not relate to any transaction that she made.

50.     Once a CRA receives the necessary information and places the block, it must inform the "furnisher" of the blocked information.  15 U.S.C. § 1681c-2(b).

51.     Equifax violated 15 U.S.C. § 1681c-2(a) by failing to block the reporting of TD Bank's tradeline within four business days receipt of necessary information regarding Plaintiff's identify theft.

52.     Equifax violated 15 U.S.C. § 1681c-2(b) by failing to provide the requisite notice to TD Bank of the blocked information that "the information may be the result of identity theft.

53.     Equifax violated 15 U.S.C. § 1681c-2(c)(2) by failing to provide the requisite notice after declining requests to block information and failing to specify the additional information or documentation it needed from Plaintiff upon receiving requests to block.

### B.     Equifax's failure to conduct a reasonable investigation

54.     Section 1681(a)(1)(A) requires a credit reporting agency to, upon notice of a dispute from an individual regarding the information in his credit report, conduct a "reasonable reinvestigation" to determine whether the disputed information is inaccurate, and either record the current status of the disputed information, or delete it from the consumer's file.

55.     Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Equifax received Plaintiff's dispute letter(s).

9

56.     Equifax violated 15 U.S.C. § 1681i(a)(2) by failing to provide adequate notification of the credit dispute to TD Bank before the expiration of the 5-business-day period beginning on the date on which Equifax received Plaintiff's credit dispute letter(s).  Upon information and belief, Equifax failed to forward relevant information from Plaintiff indicating identity theft.

57.     Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider relevant information submitted by Plaintiff.

58.     Equifax violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete TD Bank USA/Target Credit's tradeline from the file of Plaintiff.

59.     Equifax violated 15 U.S.C. § 1681c(f) by failing to indicate Plaintiff's dispute(s) in each consumer report that includes the disputed information.

60.     15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

      (A)     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)     such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

61.     15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)     any actual damages sustained by the consumer as a result of the failure; and

10

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

62.     Equifax's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A.     find Equifax in violation of 15 U.S.C. §§ 1681c-2(a), 1681c-2(b), 1681c-2(c)(2), 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4), 1681i(a)(5)(A)(i), and 1681c(f);

B.     award any actual damages to Plaintiff as a result of Equifax's violation;

C.     award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.     award any punitive damages, as the Court may allow;

E.     award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.     award such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: April 30, 2019                                Respectfully submitted,

                                                    **CHRISTINE R. JOHNSON**

11

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com