## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CHRISTINE R. JOHNSON, | |
| Plaintiff, | |
| v. | Case No.  1:19-cv-00615 |
| TD BANK USA, NATIONAL ASSOCIATION and EQUIFAX INFORMATION SERVICES, LLC, | Judge Charles P. Kocoras |
| Defendants. | |

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Equifax Information Services LLC ("Equifax"), by Counsel, files its Memorandum of Law in Support of its Motion to Dismiss Plaintiff Christine R. Johnson's First Amended Complaint ("Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, as follows:

## INTRODUCTION

Plaintiff sued Equifax for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Inaccuracy is an essential element of Plaintiff's claims, i.e. to survive, the plaintiff must show that Equifax included an inaccurate account on her consumer report and/or that she disputed an inaccurate item on her credit file and Equifax failed to conduct a reasonable reinvestigation. The account at issue in this case is a Target Card Services ("Target") Target card that Plaintiff now claims was obtained as a result of fraud. However, Plaintiff *swore under oath* in Bankruptcy Court that the account belonged to her and, based on that representation, the Bankruptcy Court included it in her discharge. Plaintiff cannot now claim that

the account did not belong to her and should be estopped from asserting a claim under the FCRA on the premise that the account was inaccurate because of fraud. Plaintiff's Complaint fails as a matter of law and should be dismissed.

## FACTUAL BACKGROUND

Plaintiff claims that on or before April 19, 2017, she learned she was victim of identity theft and that an unknown offender opened a Target account using her personal information. (Compl. ¶¶ 11-12.) Plaintiff claims that she informed Target of the identity theft and immediately stopped receiving the bills. (*Id.* ¶¶ 12-14.)

On August 6, 2018, Plaintiff filed a Voluntary Chapter 7 Bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois. *See* Voluntary Petition [Doc. 1], *Bankruptcy of Christine R. Johnson*, 18-bk-22046 (Aug. 6, 2018). Plaintiff included the debt to Target in Schedule F to her Voluntary Petition, indicating that *she*, Debtor 1, had incurred the debt. (*Id.* at p. 27.) Plaintiff did *not* list the Target debt as "disputed" in her Schedule F. (*Id.*) Plaintiff declared, *under penalty of perjury*, that she had read the Schedule F and that it was true and correct. (*Id.* at 35.) Plaintiff's bankruptcy petition was signed and filed by Joseph S. Davidson of the Sulaiman Law Group, Ltd., who likewise certified that he had made an inquiry into the correctness of the information in the Schedule F and had no knowledge that the information therein was incorrect. (*Id.* at 7.)

At the time of her bankruptcy, Plaintiff was employed as a paralegal with the Sulaiman Law Group, Ltd., (*id.* at p. 31), and Attorney Joseph S. Davidson is the same attorney who filed and signed Plaintiff's Amended Complaint in the instant case, wherein she now claims that the

debt to Target Card Services was incurred not by her, but rather was the result of identity theft, (Compl. at p. 12.)[1]

Despite this diametrically incompatible factual basis, Plaintiff alleges that Equifax violated §§ 1681c-2, 1681e(b), and 1681i of the Fair Credit Reporting Act ("FCRA") by failing to remove the Target account from her credit report in light of her claims of identity theft. (*Id*. ¶¶ 43-59.) These claims are premised on a factual allegation that is irrefutably foreclosed by the public record of her bankruptcy petition wherein she declared, *under penalty of perjury*, that *she* had incurred the debt to Target and did *not* dispute the debt. This Court can take judicial notice of Plaintiff's bankruptcy petition, a public record, and the facts established therein—facts sworn under penalty of perjury, presented to and accepted by the United States Bankruptcy Court for the Northern District of Illinois. Because of this irrefutable factual background, Plaintiff is unable to plead a necessary element of her FCRA causes of action, to wit: that the Target account was *inaccurate* because it was the result of identity theft. For this reason, the Court should dismiss Plaintiff's Amended Complaint with prejudice for failure to state a claim upon which relief can be granted.

## STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard requires a plaintiff to show at the pleading stage that success

---

[1] In its Answer to Plaintiff's original Complaint, Equifax asserted as its Sixth Defense that "Plaintiff filed a bankruptcy petition with the United States Bankruptcy Court for Northern District of Illinois wherein she declared under penalty of perjury that she had incurred a debt owed to Target Card Services." (Doc. 12 at p. 17.) Despite being put on notice of Equifax's Defense, Plaintiff thereafter sought and obtained leave to file the Amended Complaint.

on the merits is more than a "sheer possibility." *Id.* The court must take the plaintiff's well-pled factual allegations as true; however, Plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, at 1949 (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . ." *Iqbal*, 129 S. Ct. at 1949.

When assessing the facial plausibility of a claim, the Court reviews the sufficiency of the pleadings but "take into consideration documents incorporated by reference to the pleadings and may also take judicial notice of matters of public record." *Milwaukee Police Assn. v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017) (citing *United States v. Wood*, 925 F.2d 1580 (7th Cir. 1991)). Further, "[a]lthough the Court is generally obliged to accept the allegations of a complaint as true, that maxim does not apply where those allegations are contradicted by judicially noticed facts." *Jarmuth v. City of Chicago*, 43 F.Supp.3d 889, 891 n.2 (N.D. Ill. 2014) (citing *In re Woodmar Realty Co.*, 294 F.2d 785 (7th Cir. 1961)). Here, when such judicially noticed facts are taken into consideration, Plaintiff's Complaint fails to state a claim with "facial plausibility." *Iqbal*, 129 S. Ct. at 1949.

## ARGUMENT

Plaintiff alleges that Equifax violated §§ 1681c-2, 1681e(b), and 1681i of the Fair Credit Reporting Act ("FCRA") by failing to remove the Target account from her credit report in light of her claims of identity theft. (Compl. ¶¶ 43-59.) An essential element of each of her causes of action is that the disputed information be inaccurate, or, under § 1681c-2 specifically, be "information that resulted from an alleged identity theft." *See* 15 U.S.C. §§ 1681c-2(a) (requiring consumer reporting agencies to block "information that resulted from an alleged identity theft");

4

1681e(b) (requiring reasonable procedures for "maximum possible accuracy"); 1681i(a) (allowing consumers to dispute "the completeness or accuracy of any item of information"); *see also Kuehling v. Trans Union, LLC*, 137 Fed. App'x 904, 908 (7th Cir. July 6, 2005) ("Without evidence of some inaccuracy in the Trans Union report or reinvestigation, Kuehling cannot establish that Trans Union violated . . . § 1681e(b) . . . ."); *Sarver v. Experian Information Solutions, Inc.*, 390 F.3d 969, 971 (7th Cir. 2004) (In order to prevail on his [§ 1681i(a)] claims, Sarver must show that he suffered damages *as a result of* the inaccurate information.") (emphasis added). Based on Plaintiff's own sworn statements, the Target account is neither inaccurate nor a result of identity theft.

Plaintiff filed a Voluntary Chapter 7 Bankruptcy petition on August 6, 2018 in the United States Bankruptcy Court for the Northern District of Illinois. *See* Voluntary Petition [Doc. 1], *Bankruptcy of Christine R. Johnson*, 18-bk-22046 (Aug. 6, 2018) (attached hereto as Exhibit A). Plaintiff included the debt to Target in Schedule F to her Voluntary Petition, indicating that *she*, Debtor 1, had incurred the debt. (*Id*. at p. 27.) Plaintiff did *not* list the Target Card Services debt as "disputed" in her Schedule F. (*Id*.) Plaintiff declared, *under penalty of perjury*, that she had read the Schedule F and that it was true and correct. (*Id*. at 35.) Plaintiff's bankruptcy petition was signed and filed by Joseph S. Davidson of the Sulaiman Law Group, Ltd.,[2] who likewise certified that he had made an inquiry into the correctness of the information in the Schedule F and had no knowledge that the information therein was incorrect. (*Id*. at 7.)

This Court can take judicial notice of Plaintiff's bankruptcy filing and the facts established therein, and Equifax respectfully requests that this Court do so. *See Leventhal v. Shenberg*, 917 F.Supp.2d 837, 842 (N.D. Ill. 2013) (taking judicial notice of adversary

---

[2] Mr. Davidson is not only of the law firm where Plaintiff found employ as a paralegal, *see* Exhibit A at p. 31, but is also her current counsel of record.

proceeding's initiation and outcome in bankruptcy proceeding); *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991) (holding, in affirming judgment on the pleadings, that "the district court judge did not err in treating the bankruptcy decision as having been incorporated by reference"); *see also Dominguez v. Anderson Packaging, Inc*., 2012 WL 6061040, at *1 (N.D. Ill. Dec. 5, 2012) (taking judicial notice of the fact that plaintiff "signed and swore under penalty of perjury on a number of occasions that he had no outstanding, contingent claims against any person which could be used to pay his creditors").

The public record of Plaintiff's bankruptcy petition conclusively establishes that the debt to Target was not the result of identity theft, but, rather, was incurred by Plaintiff. The same record also establishes that Plaintiff did not believe the account was inaccurate or dispute the fact that she wanted it discharged in her bankruptcy. This Court need not accept the allegations in Plaintiff's Amended Complaint which are contradicted by her own public record. *See Jarmuth v. City of Chicago*, 43 F.Supp.3d 889, 891 n.2 (N.D. Ill. 2014) ("Although the Court is generally obliged to accept the allegations of a complaint as true, that maxim does not apply where those allegations are contradicted by judicially noticed facts.") (citing *In re Woodmar Realty Co.*, 294 F.2d 785 (7th Cir. 1961); *see also Hunt-Golliday v. Metropolitan Water Reclamation Dist. of Greater Chicago*, 2004 WL 407012, at *3 (N.D. Ill. Mar. 4, 2004) ("[T]he court need not accept as true allegations that are contradicted by judicially noticed facts."); *Dryden v. Sun Life Assur. Co. of Canada*, 737 F.Supp. 1058, 1066-67 (S.D. Ind. 1989) (stating that, "when the allegations of the complaint are clearly refuted" by a document incorporated by reference, "the Court need not accept conflicting allegations of the complaint as true and may dismiss the claim"). Therefore, without more, Plaintiff has not sufficiently pled causes of action under§§ 1681c-2, 1681e(b), and 1681i.

## <u>CONCLUSION</u>

For the reasons stated herein, Equifax respectfully requests the Court grant its Motion to Dismiss, dismiss the Amended Complaint with prejudice, and grant all other relief as the Court deems appropriate.

Respectfully submitted this 14th day of May, 2019.

*/s/ Rodney L. Lewis*

Rodney L. Lewis
Mary Kathryn Curry
Polsinelli PC
150 North Riverside Plaza, Suite 3000
Chicago, IL 60606
Tel. (312) 819-1900
Fax (312) 819-1910
Email: rodneylewis@polsinelli.com
Email: mkcurry@polsinelli.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I today caused a copy of the foregoing document to be electronically

filed with the Clerk of Court using the CM/ECF system which will be sent to all attorneys of

record:

Joseph S. Davidson
Mohammed O. Badwan
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue
Suite 200
Lombard, IL 60148

Amy Michelau
Barnes & Thornburg Llp
1 N. Wacker Dr.
Suite 4400
Chicago, IL 60606

Brian Melendez
Barnes & Thornburg LLP
225 South Sixth Street
Suite 2800
Minneapolis, MN 55402

Dated this 14th day of May, 2019.

/s/ *Rodney L. Lewis*