UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

CHRISTINE R. JOHNSON,

     Plaintiff,

v.

TD BANK USA, NATIONAL
ASSOCIATION and EQUIFAX
INFORMATION SERVICES, LLC,

     Defendants.

Case No.  1:19-cv-00615

Judge Charles P. Kocoras

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
MOTION TO STAY DISCOVERY**

Defendant, Equifax Information Services LLC ("Equifax"), files its motion to stay discovery. For the reasons stated below, Equifax's motion should be granted.

**INTRODUCTION**

Plaintiff filed her Complaint on January 30, 2019, alleging that on or before April 19, 2017, she learned she was victim of identity theft and that an unknown offender opened a Target account using her personal information. (Doc. 1 ¶¶ 11-12.) Plaintiff claims that she disputed the appearance of the debt on her Equifax credit file on December 18, 2018, informing Equifax that the account was the result of identity theft. (*Id*. ¶¶ 16-17.) Plaintiff asserts claims against Equifax under §§ 1681e(b) and 1681i of the Fair Credit Report Act ("FCRA"), which relate to reasonable procedures to assure accuracy in consumer reports and reasonable reinvestigations of disputed credit information. (*Id*. ¶¶ 41-50.)

On March 1, 2019, Equifax filed its Answer, which includes the following Sixth Defense:

Plaintiff filed a bankruptcy petition with the United States Bankruptcy Court for Northern District of Illinois wherein she declared under penalty of perjury that she had incurred a debt owed to Target Card Services. *See* Voluntary Petition [Doc. 1], *Bankruptcy of Christine R. Johnson*, 18-bk-22046 (Aug. 6, 2018).

(Doc. 12 at 17.)

On March 28, 2019, the Court held a status hearing at which the Court set a discovery deadline of July 30, 2019. (Doc. 21.)

Thereafter, on April 20, 2019, Plaintiff doubled down on her claims, and filed an Amended Complaint that added a claim under § 1681c-2 of the FCRA, a section which deals with claims of identity theft.

On May 14, 2019, Equifax filed a Motion to Dismiss the Amended Complaint on the basis that the public record of Plaintiff's bankruptcy irrefutably established that the Target debt belonged to Plaintiff, and, therefore Plaintiff is unable to plead a necessary element of her FCRA causes of action, to wit: that the Target account was inaccurate because it was the result of identity theft. (Doc. 29.)

On May 21, 2019, co-defendant TD Bank filed its Motion for Judgment on the Pleadings, largely on the same grounds, adding the noteworthy observation that Plaintiff refused to sign the police report she submitted to the Tinley Park Police Department and upon which she rested her claims against both defendants. (Doc. 32.)

On May 22, 2019, Plaintiff served written discovery on Equifax in the form of Interrogatories, Requests for the Production of Documents, and Requests for Admission, copies of which are attached hereto as Exhibit A. Nothing in Plaintiff's discovery requests would serve to defeat Equifax's Motion to Dismiss, based as it is on the public record and Plaintiff's declarations under penalty of perjury to the United States Bankruptcy Court.

Accordingly, counsel for Equifax sought the concurrence of counsel for all parties to stay discovery until the Court rules on the pending motions to dismiss. Counsel for Plaintiff did not concur.

## STANDARD

District courts enjoy extremely broad discretion in controlling discovery. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Pursuant to Rule 26 of the Federal Rules of Civil Procedure, a district court may forbid discovery, limit it in scope, or specify terms upon which to proceed. Fed. R. Civ. P. 26(c). "Limitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted . . . . [and] [n]umerous cases in this circuit have allowed stays in the face of a Rule 12(b)(6) challenge." *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) (collecting cases). Stays are granted in this scenario with "substantial frequency". *Id.  See also, Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (stays are appropriate "when one of the parties raises a potentially dispositive threshold issue.") Such a limitation may be particularly appropriate where, as here, "the requested discovery is unlikely to produce facts necessary to defeat the motion." *Sprague v. Brook*, 149 F.R.D. 575, 577 (N.D. Ill. 1993) (citing *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253 (1968)). This is because it serves the grounding principal of the Federal Rules of achieving the "just, *speedy*, and *inexpensive* determination of every action and proceeding." *Id.* (citing, *inter alia*, Fed. R. Civ. P. 1) (emphases in original).

## ARGUMENT

Here, Plaintiff has served exhaustive written discovery seeking detailed information regarding Equifax's policies and procedures for assuring the accuracy of its credit reporting, reinvestigating consumer disputes, and handling claims of identity theft, as well as information regarding its handling of Plaintiff's dispute. (*See generally* Exhibit A.) The overwhelming majority of that discovery bears on the *reasonableness* of Equifax's policies and procedures and reinvestigation. *Reasonableness* is a separate element of Plaintiff's cause of action than that which

is the subject of Equifax's Motion to Dismiss, to wit: *accuracy*. *See Henson v. CSC Credit Servs*., 29 F.3d 280, 284 (7th Cir. 1994) ("[A] credit reporting agency is not automatically liable even if the consumer proves that it prepared an inaccurate credit report because the FCRA does not make reporting agencies strictly liable for all inaccuracies. A credit reporting agency is not liable under the FCRA if it followed reasonable procedures to assure maximum possible accuracy, but nonetheless reported inaccurate information in the consumer's credit report.") (citation and quotations omitted).

Equifax's Motion to Dismiss, and co-defendant TD Bank's Motion for Judgment on the Pleadings, are grounded in the public record. Plaintiff made declarations under penalty of perjury to the United States Bankruptcy Court that she incurred the debt to Target and did not list the debt as disputed. (See Doc. 29 at 5.) Plaintiff's bankruptcy petition was signed and filed by Joseph S. Davidson of the Sulaiman Law Group, Ltd.,[1] who likewise certified that he had made an inquiry into the correctness of the information in the petition and had no knowledge that the information therein was incorrect. (*See id*.) Those facts—sworn under penalty of perjury, presented to and accepted by the United States Bankruptcy Court for the Northern District of Illinois—foreclose Plaintiff from establishing an essential element of her causes of action: that the debt was inaccurate because it resulted from identity theft. This Court can take judicial notice of Plaintiff's bankruptcy filing and the facts established therein; discovery is not required.

Simply put, in light of the motions pending dispositive motions to dismiss, discovery is not in the interest of judicial economy. Defendants have moved to dismiss the Amended Complaint for failure to state a claim on a threshold issue, accuracy. If granted, this would result in complete

---

[1] The Sulaiman Law Group is not only of the law firm where Plaintiff is now employed as a paralegal but is also her current counsel of record.

dismissal of all claims. Staying discovery would not result in Plaintiff suffering any prejudice because discovery is not needed for Plaintiff to develop a factual basis to defend against the pending motions. Further, the discovery is disproportionate to the needs of the case before the threshold motion to dismiss is decided. To credibly defend against Defendants' motions, Plaintiff will have to explain why she and her attorney certified that she had incurred the debt to Target, and why her later claims to the Tinley Park Police Department—*which she refused to sign*—should trump her sworn representations made to and relied upon by the United States Bankruptcy Court. No amount of discovery from Equifax will help Plaintiff maintain such an untenable position. Good cause exists to stay discovery at this stage of the case.

## CONCLUSION

For these reasons, Equifax respectfully requests that this Court grant its Motion and enter an Order staying discovery until it has ruled on the Defendants' pending dispositive motions.

Respectfully submitted this 13th day of June, 2019.

Respectfully submitted,

*/s/ Rodney L. Lewis*
Rodney L. Lewis
Mary Kathryn Curry
Polsinelli PC
150 North Riverside Plaza, Suite 3000
Chicago, IL 60606
Tel. (312) 819-1900
Fax (312) 819-1910
Email: rodneylewis@polsinelli.com
Email: mkcurry@polsinelli.com

## CERTIFICATE OF SERVICE

I hereby certify that I today caused a copy of the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system which will be sent to all attorneys of record.

Dated this 13th day of June, 2019.

/s/   Rodney L. Lewis