UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE R. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19 C 615 |
| | ) | |
| TD BANK USA, NATIONAL ASSOCIATION and EQUIFAX INFORMATION SERVICES, LLC, | ) ) ) | Judge Charles P. Kocoras |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Equifax Information Services, LLC's ("Equifax") motion to dismiss Plaintiff Christine R. Johnson's ("Johnson") first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Also at issue is Defendant TD Bank USA, N.A.'s ("TD Bank") (collectively, "the Defendants") motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the following reasons, the Court denies Equifax's motion to dismiss. The Court grants in part and denies in part TD Bank's motion for judgment on the pleadings.

## STATEMENT

For purposes of this motion, the Court accepts as true the following facts from the amended complaint. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). All reasonable inferences are drawn in Johnson's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Johnson is an Illinois resident and a "consumer" as defined in the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a(b) and (c). TD Bank is a Delaware company that provides personal, retail, small business, and commercial banking products and services. Equifax is a Georgia company that collects and reports consumer information to financial institutions.

In 2017, Johnson learned that she was a victim of identity theft when an unknown offender gained access to her personal information and obtained a Target REDcard using that information. On March 27, 2017, Johnson informed Target card services that this card was issued based on fraudulent activity, after which time she stopped receiving Target REDcard billing statements. On November 6, 2018, Johnson discovered TD Bank USA/Target Credit's tradeline on her credit report. On December 15, 2018, she filed a police report with the Tinley Park Police Department concerning her allegations of identity theft.

On December 18, 2018, Johnson mailed a credit dispute letter to Equifax requesting that they delete or remove the TD Bank USA/Target Credit tradeline from her credit report. She informed Equifax that her identity had been stolen and provided them a copy of the police report. Equifax promptly contacted TD Bank regarding the dispute; however, TD Bank verified that the Target REDcard account belonged to Johnson. Consequently, on January 2, 2019, Equifax mailed Johnson dispute results indicating that the Target REDcard account belonged to her and was included in her Chapter 7 bankruptcy filing.

Based on these events, Johnson filed her first amended complaint on April 30, 2019, alleging various violations of the FCRA against Equifax and TD Bank. Equifax filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on May 14, 2019. One week later, TD Bank filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Johnson need not provide detailed factual allegations, but she must provide enough factual support to raise her right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must "allow…the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the…claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

"A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). However, in evaluating a motion for judgment on the pleadings, the Court may consider "the complaint, the answer, and any written instruments attached as exhibits." *N. Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

The Defendants urge the Court to dismiss the first amended complaint on judicial estoppel grounds. TD Bank additionally asks the Court to partially dismiss the FCRA claim against it under 15 U.S.C. § 1681a-2(a), as this section does not provide a private right of action as a remedy. The Court addresses each argument in turn.

**I. Judicial Estoppel**

The Defendants argue that Johnson cannot state a claim under the FCRA because the statute requires the disputed information to be inaccurate, and by Johnson's own admission, the Target REDcard belonged to her. *Keuhling v. Trans Union, LLC*, 137 Fed.Appx. 904, 908 (7th Cir. 2005). They assert that in Johnson's bankruptcy filings,[1] she indicated that she incurred the debt, and she did not list the debt as "Disputed." The

---

[1] The Court notes that it may take judicial notice of the bankruptcy filings, as we may "take judicial notice of matters of public record." *Milwaukee Police Assoc. v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017). Moreover, "[a]lthough the Court is generally obliged to accept the allegations of a complaint as true, that maxim does not apply where those allegations are contradicted by judicially noticed facts." *Jarmuth v. City of Chicago*, 43 F.Supp.3d. 889, 891 n.2 (N.D. Ill. 2014) (citing *In re Woodmar Realty Co.*, 294 F.2d 785 (7th Cir. 1961)).

Defendants maintain that Johnson should now be estopped from claiming that the debt resulted from identity theft.

"The doctrine of judicial estoppel prevents litigants from manipulating the judicial system by prevailing in different cases or phases of a case by adopting inconsistent positions." *Spaine v. Cmty. Contacts, Inc.*, 756 F.3d 542, 547 (7th Cir. 2014). To successfully estop a party from asserting a position in a subsequent proceeding, "the later position must be clearly inconsistent with the earlier position." *Levinson v. United States*, 969 F.2d 260, 264 (7th Cir. 1992). The Court is hesitant to conclude that is the case here.

On Johnson's bankruptcy filing, she was presented with the question "Who incurred the debt?," to which she indicated among limited options that "Debtor 1 only" incurred the debt. There was no "other" box for her to explain that this debt was incurred in her name by an unknown individual. Further, the form provided, "As of the date you file, the claim is: Contingent, Unliquidated, Disputed." Johnson did not check any of the corresponding boxes. However, the Court is not convinced that Johnson's failure to check the "Disputed" box is equivalent to avowing that the debt was not the product of identity theft. These circumstances do not portray the manipulation of a "chameleonic litigant" which judicial estoppel aims to prevent. *Levinson*, 969 F.2d at 264.

Even if the Court did find these positions inconsistent, Johnson alleges that she inadvertently failed to check the "disputed" box on her bankruptcy filing. The Court is

5

mindful that "honest mistakes and oversights are not unheard of." *Spaine*, 756 F.3d at 548. Given that Johnson's first amended complaint sufficiently alleges that the Target REDcard was a consequence of identity theft, the Court will not estop her from asserting this position at this stage in the litigation. Indeed, the Seventh Circuit has cautioned that judicial estoppel is inappropriate at the motion to dismiss stage, and the Court will respect its guidance. *Matthews v. Potter*, 316 Fed.Appx. 518, 523 (7th Cir. 2009) ("Given the posture of the case as it stands, which obligates us to view the record in the light most favorable to [the plaintiff], we conclude that the district court's application of judicial estoppel was inappropriate at this stage of the proceedings….").

## II. Remedy Available for Section 1681s-2(a) Violation

TD Bank next asserts that Johnson may not bring a claim against them under Section 1681s-2(a) of the FCRA, as that section does not provide a private cause of action. Section 1681s, titled "Administrative enforcement," lays out the available remedies for violations of Section 1681s-2(a). 15 U.S.C. §§ 1681s-2(c), (d). Section 1681s provides for administrative enforcement as the exclusive remedy, eliminating a private cause of action as a method of enforcement. 15 U.S.C. 1681s; *See also Walton v. BMO Harris Bank, N.A.,* 761 Fed.Appx. 589, 591 n.1 (7th Cir. 2019) ("[The plaintiff] cannot bring an individual claim against [the defendant bank] for transmitting inaccurate information; only the Federal Trade Commission (or a state agency) may bring such a claim."). Accordingly, Count I of the first amended complaint is dismissed with respect to any claims arising under Section 1681s-2(a).

## **CONCLUSION**

For the aforementioned reasons, the Court denies Equifax's motion to dismiss. The Court grants in part and denies in part TD Bank's motion for judgment on the pleadings. It is so ordered.

Dated: 8/05/2019

_____
Charles P. Kocoras
United States District Judge