UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE R. JOHNSON, | |
| Plaintiff, | Case No.: 1:19-cv-00615 |
| v. | |
| TD BANK USA, N.A. et al., | Honorable Charles P. Kocoras |
| Defendants. | |

**PLAINTIFF'S MOTION TO REOPEN DISCOVERY AND SUSPEND BRIEFING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**NOW COMES** Christine R. Johnson ("Plaintiff"), by and through her undersigned counsel, and pursuant to Fed. R. Civ. P. 56(d)(2) moving this Honorable Court to reopen discovery and suspend briefing on Defendant TD Bank USA, N.A.'s Motion for Summary Judgment, and in support thereof, stating as follows:

**RELEVANT BACKGROUND**

1. On January 30, 2019, Plaintiff filed the instant case alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq*. [Dkt.1]

2. Plaintiff's complaint alleges, *inter alia*, that Defendant TD Bank USA, N.A. ("TD Bank") violated the FCRA by failing to conduct a reasonable investigation into Plaintiff's credit dispute relating to a Target account that was fraudulently opened in Plaintiff's name ("subject account").

3. Plaintiff alleges that as a result of TD Bank's failure to conduct a reasonable investigation into her dispute, the subject account continued to report on her credit report.

1

4. The epicenter of this litigation is whether Plaintiff opened the subject account; Plaintiff contends she did not and TD Bank contends that the Plaintiff did.

5. On November 26, 2019, the undersigned took TD Bank's deposition.

6. During TD Bank's deposition, the undersigned examined TD Bank's designated witness, Susan L. Wolf ("Ms. Wolf"), regarding evidence supporting TD Bank's contention that Plaintiff opened the subject account. *See* Exhibit A attached hereto, Transcript of TD Bank's Deposition, at 101:10-103:6.

7. As part of the examination, the undersigned inquired on whether TD Bank is in possession of any documents or evidence that establishes that Plaintiff called TD Bank in the relevant time period. *Id.* at 102:10-11.

8. In response to the undersigned's examination, Ms. Wolf testified that Plaintiff or "somebody" called TD Bank regarding the subject account on April 6, 2017. *Id.* at 101:14-22.

9. In response, the undersigned inquired whether TD Bank is in possession of a recording of the April 6, 2017 phone call. *Id.* at 102:10-11.

10. In response, Ms. Wolf testified that she does not believe TD Bank is in possession of an audio recording of the call, but that TD Bank should have records pertaining to the phone call. *Id.* at 102:12-15.

11. When asked whether TD Bank produced the documents relating to this call, Ms. Wolf testified "I don't believe so, no," and that TD Bank can "probably" get the documents. *Id.* at 102:16-23.

12. Accordingly, the undersigned made a formal request on the record for the relevant documents pertaining to the April 6, 2017 phone call. *Id.* at 103:1-6.

13. On December 3, 2019, discovery closed pursuant to the Court's November 26, 2019 order. [Dkt. 52]

14. On January 7, 2020, over one month after discovery closed, TD Bank produced records relating to the April 6, 2017 phone call via email from its counsel, Brian Melendez. *See* Exhibit B attached hereto, Brian Melendez's email producing the relevant documents.

15. The email from Brian Melendez stated, in pertinent part:

> Target has located the record of Ms. Johnson's interaction with the IVR system on 6 April 2017. There were two calls from the same number: 708.200.6818. *Id.* at pg. 2.

16. For the *very first time*, after discovery closed, TD Bank disclosed that the April 6, 2017 call came from the phone number (708) 200-6818, which is Plaintiff's cellular phone number.

17. On January 7, 2019, blindsided by the late disclosure, the undersigned sent an email to Brian Melendez stating, in pertinent part:

> Please be advised that if this new evidence is used in TD Bank's Motion for Summary Judgment, we will move to reopen discovery to issue a subpoena to Ms. Johnson's wireless carrier to get her phone records for April 6, 2017. *Id.* at pg. 1.

18. In response to the undersigned's email, Brian Melendez responded "[w]e don't plan to use this information in our motion. I sent it only because I promised you last month that I would." *Id.*

19. On January 9, 2020, TD Bank filed its Motion for Summary Judgment and corresponding Statement of Undisputed Material Facts. *See* Exhibit C attached hereto, TD Bank's Statement of Undisputed Material Facts. [Dkt. 55-58]

20. TD Bank's Statement of Undisputed Material Fact No. 18 states:

> **On April 6, 2017, Target received a call at 11:37 p.m. from 708.200.6818**. The call was outside normal business hours, so it was routed to an Interactive Voice Response system. The caller did not speak with a live representative but, through the interactive system, the caller keyed in the 16-digit account number

and the last four digits of Ms. Johnson's social-security number. *Id.* at pg. 6. (emphasis added).

## ARGUMENT

21. As demonstrated by TD Bank's Statement of Undisputed Material Fact No. 18, TD Bank is attempting to use evidence that was untimely disclosed in support of its Motion for Summary Judgment. *Id.*

22. TD Bank's attempt to blindside Plaintiff is especially troubling considering its counsel, Brian Melendez, assured the undersigned that TD Bank did not intend to use the untimely disclosed evidence in its Motion for Summary Judgment. *See* Exhibit B, pg. 1.

23. TD Bank's use of evidence produced after discovery closed is extremely prejudicial to Plaintiff as Plaintiff was not afforded the opportunity to (1) examine TD Bank on the untimely produced documents and (2) gather evidence that refutes TD Bank's contention that the April 6, 2017 phone call came from Plaintiff's phone number. *See* attached Exhibit D, Declaration of Plaintiff Christine Johnson.

24. Specifically, had TD Bank timely produced the documents relating to the April 6, 2017 phone call, Plaintiff would have (1) examined TD Bank regarding the veracity of the documents and (2) issued a subpoena to her wireless carrier to obtain her phone records for April 7, 2017, which Plaintiff believes would refute TD Bank's contention that the April 7, 2017 phone call was placed from Plaintiff's phone number. *Id.*

25. In light of the fact that discovery is closed, Plaintiff cannot issue a subpoena to her wireless carrier to obtain her phone records for April 2017.

26. Accordingly, Plaintiff is extremely prejudiced by TD Bank's use of the untimely produced evidence because it supports TD Bank's position that the subject account belongs to

4

Plaintiff and at the same time deprives Plaintiff of the opportunity to challenge the untimely produced evidence with evidence that refutes the same.

27. Pursuant to Fed. R. Civ. P. Rule 56(d) "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

28. "The Seventh Circuit has instructed that courts should construe Rule 56(d) liberally." *Central Contr., Inc. v. Kenny Constr. Co*, 2012 U.S. Dist. LEXIS 32401, at *8-9 (N.D. Ill. 2012) *citing King v. Cooke,* 26 F.3d 720, 726 (7th Cir. 1994).

29. Here, Plaintiff cannot present facts that are essential to her opposition to TD Bank's Motion for Summary Judgment because discovery is closed.

30. As set forth above, TD Bank's counsel represented to the undersigned that TD Bank does not intend on using the untimely disclosed evidence. Despite TD Bank's counsel's representations, TD Bank blindsided Plaintiff with the untimely disclosed evidence to support its Motion for Summary Judgment.

31. Accordingly, pursuant to Fed. R. Civ. P. 56(d)(2), Plaintiff respectfully requests that the Court reopen discovery to allow Plaintiff time to subpoena her phone records so she can present evidence to refute TD Bank's contention that Plaintiff placed a phone call to TD Bank on April 6, 2017.

32. As set forth above, the whole case rests on whether Plaintiff opened the subject account. Accordingly, the circumstances surrounding the April 6, 2017 phone call are highly probative to whether Plaintiff opened the subject account and in turn material to Plaintiff's opposition to Defendant's Motion for Summary Judgment.

33. As a result, fundamental fairness and the interests of justice dictate that Plaintiff be afforded the opportunity to obtain evidence that is essential to her opposition to TD Bank's Motion for Summary Judgment. *See Smith v. OSF Healthcare Sys.*, 933 F.3d 859, 865 (7th Cir. 2019) ("When a party is seeking discovery that is germane to the pending summary judgment motion it is inequitable to pull out the rug from under them by denying such discovery.")

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an order: (1) reopening discovery for 45 days for the limited purpose of allowing Plaintiff to issue a subpoena to her wireless carrier; and (2) suspending the briefing schedule on TD Bank's Motion for Summary Judgment for 60 days.

Dated: February 4, 2020

Respectfully submitted,

*/s/ Mohammed O. Badwan*
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: (630) 575-8180
mbadwan@sulaimanlaw.com